UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA COPENHAVER,

        Plaintiff,

v.

CAROL PARKER, *et al.*,

        Defendants.
_____/

Case No. 1:06-CV-569

Hon. Richard Alan Enslen

## ORDER

        This matter is before the Court on Plaintiff's Motion for Temporary Restraining Order. As discussed below, Plaintiff's motion is **denied**.

        On August 8, 2006, Plaintiff initiated the present action alleging that Defendants retaliated against him for exercising his First Amendment rights. Plaintiff now moves for injunctive relief seeking an order that Defendants Parker and Merlau be prevented from "undertaking any actions associated with providing any form of medical treatment to the plaintiff."

        To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001) (citations omitted); *see also Wilson v. Wilkinson*, 2002 WL 123580 at *1 (6th Cir. Jan. 28, 2002) (applying this standard to the evaluation of a motion for temporary restraining order). If such is the case, the Court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm

to others, and (4) whether a preliminary injunction would be in the public interest.  *See Samuel v. Herrick Mem'l Hosp.*, 201 F.3d 830, 833 (6th Cir. 2000) (citations omitted).

Rather than prerequisites which must each be satisfied, the relevant factors, none of which are alone determinative of the matter, are competing considerations to be weighed and balanced.  *See Six Clinics Holding Corp., II v. Cafcomp Sys., Inc.*, 119 F.3d 393, 400 (6th Cir. 1997); *Mich. Bell Tel. Co. v. MFS Intelenet of Mich., Inc.*, 16 F. Supp. 2d 828, 831 (W.D. Mich. 1998).  Ultimately, the decision whether to grant injunctive relief lies within the court's discretion.  *See Dana Corp.*, 251 F.3d at 1118 (the "most significant single component" in the decision whether to grant injunctive relief "is the court's discretion") (citations omitted).

Plaintiff does not allege any facts that would entitle him to injunctive relief.  Plaintiff instead asserts that he is entitled to injunctive relief because he fears that Defendants *might* in the future engage in improper retaliatory conduct.  Plaintiff has failed to present any facts, however, supporting or justifying his alleged fear.

In sum, Plaintiff has failed to demonstrate that he is being threatened with harm for which there exists no legal remedy.  Plaintiff has likewise failed to establish that he will suffer irreparable harm in the absence of injunctive relief.  Furthermore, the Court fails to discern how granting Plaintiff's motion would serve the public interest.  Thus, Plaintiff is not entitled to the relief sought.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Temporary Restraining Order (Dkt. No. 18) is **DENIED**.

DATED in Kalamazoo, MI:
December 11, 2006

 /s/ Richard Alan Enslen
RICHARD ALAN ENSLEN
SENIOR UNITED STATES DISTRICT JUDGE