UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA COPENHAVER,
        Plaintiff,

Case No. 1:06-cv-569

-v-

HONORABLE PAUL L. MALONEY
HONORABLE ELLEN S. CARMODY

CAROL PARKER, et al.,
        Defendants.

## OPINION AND ORDER ACCEPTING IN PART, ACCEPTING IN PART WITH MODIFICATIONS AND REJECTING IN PART THE REPORT AND RECOMMENDATION

This Court has before it a Report and Recommendation (Dkt. No. 76) and Defendants' Objections (Dkt. No. 77).

Plaintiff Copenhaver is an inmate under the control of the Michigan Department of Corrections (MDOC). On August 8, 2006, Plaintiff filed a Section 1983 claim alleging retaliation in violation of his rights under the First Amendment. The case was referred to the Honorable Ellen S. Carmody, United States Magistrate Judge. Defendants Parker and Merlau filed a motion for summary judgment (Dkt. No. 29). Defendant Blackmer filed a motion for summary judgment (Dkt. No. 37). Plaintiff filed a motion for Declaratory Judgment (Dkt. No. 44). Defendants filed a motion to strike Plaintiff's affidavit (Dkt. No. 57).

On August 6, 2007, the Magistrate Judge issued a Report and Recommendation (Dkt. No. 76). Judge Carmody recommends denying the motions for summary judgment and the motion for declaratory judgment. She further recommends denying in part and granting in part Defendants' motion to strike Plaintiff's affidavit. Defendants filed an objection (Dkt. No. 77). Plaintiff filed a response to Defendants' objection (Dkt. No. 82), but no objection to the Report and Recommendation.

I. STANDARD OF REVIEW

After being served with a Report and Recommendation (R&R) issued by a Magistrate Judge, a party has ten days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive, or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan*, 431 F.3d at 984. *See also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).

II. ANALYSIS

    A. Defendants' Motion to Strike Plaintiff's Affidavit (Dkt. No. 55).

Defendants moved to strike paragraphs 8, 9, 12, and 19 of the affidavit attached to Plaintiff's response to Defendant Blackmer's motion for summary judgment. The Magistrate Judge recommends granting the motion as to paragraphs 8, 12, and 19 and denying the motion as to paragraph 9. No party has objected to this recommendation. Accordingly, the Magistrate Judge's

recommendation is ACCEPTED and Defendants' Motion to Strike is GRANTED IN PART and DENIED IN PART. Paragraphs 8, 12 and 19 of Plaintiff's affidavit attached to his response to Defendant Blackmer's motion for summary judgment are striken.

B. Plaintiff's Motion for Declaratory Judgment (Dkt. No. 44)

Plaintiff moved for declaratory judgment against Defendant Blackmer on the basis that Defendant Blackmer failed to enter an appearance in the action after being served. The Magistrate Judge recommends denying the motion on the basis that Defendant Blackmer timely responded to the complaint through his motion for summary judgment. No party has objected to this recommendation. Accordingly, the Magistrate Judge's recommendation is ACCEPTED and Plaintiff's Motion for Declaratory Judgment is DENIED.

C. Defendants' Motions for Summary Judgment (Dkt. Nos. 29 and 37).

Defendants moved for summary judgment. The Magistrate Judge recommends denying the two motions. Defendants filed objections. Specifically, Defendants object to two factual conclusions contained in the R&R. Defendants allege, without those specific factual conclusions, there are no genuine issues of material fact and therefore they are entitled to judgment as a matter of law. This Court has conducted a de novo review. Having read the motions, responses, the R&R and objections, the Report and Recommendation is ACCEPTED IN PART, ACCEPTED IN PART WITH MODIFICATIONS, and REJECTED IN PART.

1. Background

In February 2006, Plaintiff was given nitroglycerin tablets when he was seen at the emergency room at Duane Walters Hospital (DWH) Emergency Room for chest pains. (Dkt. No 1 - Complaint - Exhibit 12 - Statement by C/O Cook). On April 23, 2006, Plaintiff sought treatment

from Nurse Peterson. Plaintiff claims Nurse Peterson took his nitro tablets, but gave them back to him. Nurse Peterson denies taking the tablets or giving them back. (Dkt. No. 34 - Appendix F; Dkt. No. 79 - Exhibit B (readable copy)). Plaintiff points to the statement of C/O Jones who states he saw Nurse Peterson take the pills from Plaintiff, but did not see whether the pills were returned. (Dkt. No. 34 - Appendix G).

On April 25, 2006, Defendant Blackmer executed a search of Plaintiff's cell looking for contraband medications. Defendant Blackmer states that Defendant Parker asked him to perform the search. (Dkt. No. 38 - Exhibit 8 - Blackmer Affidavit ¶11). Defendant Blackmer discovered a bottle of nitro pills in a pair of Plaintiff's pants. (*Id.*). As a result of confiscating the nitro pills, Defendant Blackmer filed two major misconduct violations against Plaintiff: (1) substance abuse and (2) bribery of a state employee. (*Id.* at ¶ 14). After an investigation, Plaintiff was cleared of both charges. The investigator provided an explanation for clearing Plaintiff of the substance abuse charge.

> The custody staff that transported prisoner to DWH for chest pains on February 21, 2006 can verify the nitrostat was provided to the priosner [sic]. They further verify the small bottle of nitro stat was given to prisoner by the staff at DWH. It does not appear health care staff at ACF were advised of this exchange between prisoner and DWH staff. The possession of nitrostat was authorized by staff at DWH. In regards to the use, no evidence has been presented the prisoner misused the nitrostat.

(Dkt. No. 1 - Exhibit 16). Plaintiff also alleges Defendant Merlau sent Officer Bose to confiscate cardiac medication on May 18, 2006.

At the time of the alleged conduct, Plaintiff had a pending lawsuit against various prison officials, including Defendant Parker and Defendant Merlau. Plaintiff alleges Defendants Parker and Merlau retaliated against him for pursuing legal action against them. Plaintiff alleges Defendant Blackmer retaliated against him for threatening to file a legal action against him. In order to

4

establish First Amendment retaliation claim, a plaintiff must show (1) that he or she engaged in protected conduct, (2) that he or she suffered an adverse action which would deter a person of ordinary firmness from continuing to engage in that conduct, and (3) there is a causal connection between the first and second element. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394-395 (6th Cir. 1999). However, if a defendant establishes he or she would have taken the same action in the absence of the protected activity, the defendant is entitled to prevail on summary judgment. *Id.* at 399 (citing *Mt Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977)).

2. Defendant Blackmer's Motion for Summary Judgment (Dkt. No. 37)

The R&R concludes Plaintiff established that he was engaged in protected conduct (R&R at 10) and suffered an adverse action when he was charged with two major misconduct violations (*Id.* at 11). On the third element, the Magistrate Judge concludes there is a genuine issue of material fact which precludes summary judgment. (*Id.* at 12). Specifically, the Magistrate Judge concludes there is "evidence that Plaintiff's protected conduct was the 'motivating factor' behind Defendant Blackmer's decision to charge Plaintiff with bribery." (*Id.*). The Magistrate Judge concludes that the investigation into the substance abuse misconduct charge revealed Plaintiff was properly prescribed the medication several months before and that if Defendant Blackmer had checked with prison health officials, he would have discovered that fact. (*Id.* at 12).

Defendants object to the Magistrate Judge's statement that "[a]n investigation into this charge revealed that 'health services has been aware since Feb. 21 that [Plaintiff] has had this nitro in his possession, and has not once told him he cannot have it.' (Dkt. No. 55)" (R&R at 5-6). Defendants argue "[t]here is no such statement anywhere in Dkt. No. 55, either in Plaintiff's brief, his affidavit, or in any of the other attachments." (Objection at 3).

5

Both the Magistrate Judge and Defendants are in error here. Defendants are in error because the statement does appear in Dkt. No. 55. The sentence is part of the Plaintiff's statement to the investigator and is included as Exhibit 3 to Plaintiff's response to the motion for summary judgment entered as Docket Number 55. The Magistrate Judge is in error because Plaintiff's statement is not consistent with the investigator's conclusion. The investigator concluded Plaintiff was properly issued the nitro pills, but the prison health care staff was not properly informed of that fact. (Dkt. No. 1 - Exhibit 16). This Court notes Plaintiff attached the investigator's conclusion regarding the substance abuse claim to the complaint, but not to his response to the motion for summary judgment. The investigator's conclusion was also attached to the motion for summary judgment filed by Defendants Parker and Merlau. (Dkt. No. 30 - Exhibit 6B).[1]

Defendants also object to the conclusion that Defendant Blackmer acted unreasonably when he failed to check with prison health officials before filing the substance abuse charge because doing so would have revealed that Plaintiff's possession of the pills was authorized. (Objection at 4). Defendants argue prison health officials, specifically Defendants Parker and Merlau, were the two who ordered the pills confiscated because there was nothing in Plaintiff's medical record showing that his possession of the pills was authorized. (*Id.*). On this point, Defendants objection is supported by the record. Plaintiff's argument in response to the motion for summary judgment is simply that prison policy requires documentation of all prescriptions and therefore he could not have been issued the nitro pills without having them documented somewhere in his medical records.

---

[1]Defendants' objection misquotes the hearing report and incorrectly identifies the document as Exhibit 7A to their motion for summary judgment. (Objection at 4). Exhibit 7 is the report regarding the bribery charge while Exhibit 6 is the report regarding the substance abuse charge.

(Dkt. No. 55 - Response at 6). Plaintiff offers no documentation to support his claim that there was some evidence in his medical records that he had a valid order for the pills and the investigator concluded otherwise.

After reviewing the record in light of Defendants' objection, the Magistrate Judge's R&R with regard to Defendant Blackmer's motion for summary judgment is ACCEPTED WITH MODIFICATIONS. Defendants do not object to the conclusion that Defendant Blackmer's decision to file the bribery charge was motivated in part by Plaintiff's protected conduct. None of Defendants' objections to the Magistrate Judge's factual conclusions implicate the conclusion regarding the bribery charge. However, the substance abuse charge does not support a claim for retaliation because the evidence in the record establishes that Defendant Blackmer would have taken the same action without the protected activity. Once Defendant Blackmer discovered the nitro pills which he was told by prison health officials were contraband, he would have filed the substance abuse misconduct charge even if Plaintiff had not allegedly threatened to include him in a lawsuit. Plaintiff's claim for retaliation against Defendant Blackmer may continue on the bribery charge, but not on the substance abuse charge.

3. Defendant Parker's Motion for Summary Judgment (Dkt. No. 29)

The R&R notes Plaintiff alleges Defendant Parker retaliated against him by (1) ordering the search of his cell with the intent of depriving him of life-saving medication, (2) attempting to order a physician's assistant to discontinue Plaintiff's cardiac medication and (3) reassigning Plaintiff to Dr. Gelabert against whom Plaintiff had a pending lawsuit. (R&R at 13).

a. Cell search and nitro tablets

The Magistrate Judge concludes Plaintiff satisfied the protected conduct element and that factual disputes preclude summary judgment on the second element. (R&R at 13). On the third element, the Magistrate Judge also finds a genuine issue of material fact. The Magistrate Judge notes Defendant Parker did not indicate what steps she took to determine whether Plaintiff had a valid order for nitroglycerin tablets and "an investigation into the charge . . . revealed that 'health services had been aware since Feb. 21 that [Plaintiff] has had this nitro in his possession, and has not once told him he could not have it.' (Dkt. No. 55)." (*Id.* at 14).

Defendants object, arguing the record does not support the conclusion that the health care staff was aware of any valid order allowing Plaintiff to possess nitro tablets. (Objection at 4-5). Defendants also object to the conclusion that Defendant Parker did not detail the steps she took to determine whether any valid order had been issued. (*Id.* at 5). Defendants refer this Court to paragraphs 3-5 of Defendant Parker's affidavit where she states that Plaintiff's clinical record did not contain a valid order for nitroglycerine tablets. (*See* Dkt. No. 30 - Exhibit 1).

Here Defendants' objection correctly points out that there is no evidence in the record supporting the conclusion that Plaintiff's medical record contained a valid order authorizing him to possess nitro tablets. As noted above, the Magistrate Judge quotes Plaintiff's statement given to the investigator, not the investigator's conclusion. The investigator concluded the health care staff was not made aware that Plaintiff was issued nitro tablets in February. Furthermore, there is evidence in the record that Defendant Parker was aware Plaintiff had nitro tablets in his possession at one time and had ordered Plaintiff to turn the bottle over. (Dkt. No. 1 - Exhibits 14 and 15 - emails; Dkt. No. 30 - Exhibit 1 - Parker Affidavit ¶ 5). Accordingly, the record establishes Defendant Parker acted consistent with prison policy and would have taken the same action even without Plaintiff's

8

protected conduct. With regard to Plaintiff's claim for retaliation by Defendant Parker when she ordered the search and confiscation of his nitro tablets, the R&R is REJECTED and Defendants' motion for summary judgment is GRANTED IN PART.

### b. Physician's assistant and treatment by Dr. Gelabert

In paragraph 34 of the complaint, Plaintiff alleges Defendant Parker threatened him with a major misconduct when he refused to be treated by Dr. Gelabert who is the defendant in another of Plaintiff's lawsuits. Plaintiff also alleges Defendant Parker attempted to order a physician's assistant to stop prescribing medications to Plaintiff and when that was unsuccessful, Defendant Parker took steps to assure Plaintiff would only be treated by Dr. Gelabert. (Dkt. No. 1 - Complaint ¶ 34). In her affidavit attached to the motion for summary judgment, Defendant Parker avers that the allegations in paragraph 34 are false. (Dkt. No. 30 - Exhibit 1 ¶ 6). She denies ordering the physician's assistant to stop prescribing medications. (*Id.* ¶ 7). She states that registered nurses do not have the authority to order medications. (*Id.* at 8).

The Magistrate Judge concludes Plaintiff's conduct was protected. (R&R at 15). The Magistrate Judge concludes the conduct alleged is not inconsequential and therefore there is a factual dispute on the second element of the claim for retaliation, which precludes summary judgment. (*Id.*). The Magistrate Judge concludes Defendants failed to offer sufficient evidence on the third element of the claim. (*Id.* at 15-16). The Magistrate Judge notes, under MDOC policy, in certain circumstances a registered nurse may prescribe medications, citing MDOC Policy Directive 03.04.100C. (*Id.*). The Magistrate Judge further noted that policy was consistent with Michigan law, citing an FAQ found on-line from the Michigan Nurses Association and an opinion from the Michigan Attorney General. (*Id.* at 15-16).

Defendants object to the Magistrate Judge's conclusions on both the second and third elements. Defendants object to the conclusion on the second element because "there was no order for nitroglycerin, so it is erroneous to conclude that Parker, acting without authority, attempted to deprive Plaintiff of potentially life-saving medication." (Objection at 6). Defendants object to the conclusion regarding the third element of the retaliation claim arguing licensed Registered Nurses (RNs) like Defendants Parker and Merlau do not have prescribing authority even though other types of nurses may, citing MCL 333§ 17210. (Objection at 6-7).

This Court finds it unnecessary to resolve these objections because the issue was not raised in Defendant Parker and Defendant Merlau's motion for summary judgment. A careful review of both the motion, brief, and response reveals Plaintiff's allegations in paragraph 34 were not placed at issue in Defendants' motion. The motion simply requests summary judgment "based on the grounds set forth in Defendants' accompanying brief." (Dkt. No. 29). The brief does not discuss any of the allegations regarding the physician's assistant. The only reference to Dr. Gelabert in the brief explains that he is the treating physician at the facility. (Dkt. No. 30 at 2). The argument portion of the brief omits any mention or discussion of the allegations raised in paragraph 34 of the complaint. Although Defendant Parker disputes the allegations in her affidavit, the issue was not properly before a court in the form of a motion. Accordingly, this portion of the Report and Recommendation is REJECTED.

        4. Defendant Merlau's Motion for Summary Judgment (Dkt. No. 29)

The R&R notes Plaintiff alleges two acts of retaliation by Defendant Merlau: (1) ordering the search of his cell on April 25 with the intent of depriving Plaintiff of medication and (2) ordering prison officials to confiscate cardiac medications on May 18, 2006.

>     a. Cell search on April 25

The Magistrate Judge's conclusions and recommendations and Defendants' objections on this point are identical to those regarding Defendant Parker's order on April 25. Accordingly, the R&R is REJECTED and Defendants' motion for summary judgment is GRANTED IN PART.

>     b. Confiscation of medications on May 18

The R&R notes that Plaintiff alleges Defendant Merlau retaliated against him by ordering Officer Bose to seize Plaintiff's cardiac medications on May 18, 2006. (R&R at 18). The Magistrate concludes the first element of a retaliation claim is satisfied and that there are factual disputes which preclude summary judgment on the second and third elements of the claim. (*Id.*). Defendants do not specifically address this particular conclusion in their objections. The only place this issue is mentioned in Defendants' objections is on page 4 where they state

> The Magistrate's finding of fact - that health care staff (i.e., Defendants Parker and Merlau) were aware that DWH gave Plaintiff nitroglycerin on 2/21/06 - is *not* supported by the record. Therefore, the Magistrate erroneously concluded that the Defendants violated the Eighth Amendment and retaliated when 1) Merlau ordered Officers [sic] Bose to seize the contraband medication on 4/18/06 [sic], . . .

(Objection at 4).

Defendants' objection is not specific enough to require any review as this is the only place this issue is discussed in the objection. To the extent any review is necessary, Defendants' objection is not supported by the record. Plaintiff alleges Officer Bose, at Defendant Merlau's direction, seized all of his cardiac medication (Mevacor, Imdur, Lopressor and Zestril), but not any nitroglycerin tablets. (Dkt. No. 1- Complaint ¶ 42). Defendants have never alleged or offered any proof that those medications were contraband, the basis for their objection. Accordingly, the R&R on this issue is ACCEPTED and Defendants' motion for summary judgment is DENIED IN PART.

III. CONCLUSION

The Report and Recommendation (Dkt. No. 76) is ACCEPTED IN PART, ACCEPTED IN PART WITH MODIFICATIONS, AND REJECTED IN PART. The recommendations regarding Defendants' motion to strike or Plaintiff's motion for declaratory judgment are ACCEPTED as neither party has objected. Defendants' motion to strike portions of Plaintiff's affidavit (Dkt. No. 57) is GRANTED IN PART and DENIED IN PART. Paragraphs 8, 12 and 19 of Plaintiff's affidavit filed as part of Dkt. No. 55 are striken. The motion is denied with regard to paragraph 9. Plaintiff's motion for declaratory judgment against Defendant Blackmer (Dkt. No. 44) is DENIED.

The recommendations regarding Defendant Blackmer's motion for summary judgment are ACCEPTED WITH MODIFICATIONS. Defendant Blackmer's motion for summary judgment (Dkt. No. 37) is DENIED with regard to the bribery misconduct charge as retaliation and GRANTED with regard to the substance abuse misconduct charge as retaliation.

The recommendations regarding Defendant Parker's and Defendant Merlau's motion for summary judgment are ACCEPTED IN PART and REJECTED IN PART. Defendant Parker's and Defendant Merlau's motion for summary judgment (Dkt. No. 29) is GRANTED IN PART and DENIED IN PART. With regard to both Defendants and the allegation that the April 25 order to search and seize contraband medication, the recommendations are REJECTED and the motion is GRANTED. The portion of the R&R recommending the motion be denied with regard to the other allegations against Defendant Parker (physician's assistant and Dr. Gelabert) is REJECTED. Those allegations were not properly part of the motion for summary judgment. The portion of the R&R which recommends denying the motion with regard to the other allegations against Defendant Merlau (May 18 seizure of medications) is ACCEPTED and that portion of the motion is DENIED.

## ORDER

The Report and Recommendation (Dkt. No. 76) is ACCEPTED IN PART, ACCEPTED IN PART WITH MODIFICATIONS, and REJECTED IN PART.

- Recommendations regarding Defendants' motion to strike portions of Plaintiff's affidavit are ACCEPTED.  The motion (Dkt. No. 57) is GRANTED IN PART and DENIED IN PART.

- Recommendations regarding Plaintiff's motion for declaratory judgment against Defendant Blackmer are ACCEPTED.  The motion (Dkt. No. 44) is DENIED.

- Recommendations regarding Defendant Blackmer's motion for summary judgment are ACCEPTED WITH MODIFICATIONS.  Defendant Blackmer's motion for summary judgment (Dkt. No. 37) is GRANTED IN PART and DENIED IN PART.

- Recommendations regarding Defendant Parker's and Defendant Merlau's motion for summary judgment are ACCEPTED IN PART and REJECTED IN PART.  Defendant Parker's and Defendant Merlau's motion (Dkt. No. 29) is GRANTED IN PART and DENIED IN PART

IT IS SO ORDERED.

Date:   February 19, 2008                                        /s/ Paul L. Maloney
                                                                 Paul L. Maloney
                                                                 United States District Judge