UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA COPENHAVER,

    Plaintiff,                                    Hon. Paul L. Maloney

v.                                                   Case No. 1:06 CV 569

CAROL PARKER, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Summary Judgment as to Defendant Blackmer Only. (Dkt. #91). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**.

On September 30, 2005, Plaintiff initiated an action against various prison officials in which he alleges that he was denied proper medical treatment in violation of the Eighth Amendment and the Americans with Disabilities Act. *See Copenhaver v. Hammer*, Case No. 1:05-cv-675 (W.D. Mich.). While most of Plaintiff's claims were subsequently dismissed, his Eighth Amendment claims were permitted to go forward. Resolution of these particular claims is still pending.

On August 8, 2006, Plaintiff initiated the present action against Defendants Parker, Merlau, and Blackmer. Plaintiff asserts that Defendants improperly retaliated against him for pursuing (or threatening to pursue) legal action against them. (Dkt. #1). As to Defendant Blackmer, Plaintiff asserts that after informing Defendant Blackmer that he would file a grievance and a lawsuit against him,

Defendant Blackmer retaliated against him by falsely charging him with bribery and substance abuse, both major misconduct violations. *Id.*

On January 16, 2007, Defendant Blackmer filed a motion for summary judgment. (Dkt. #37). The Court subsequently granted summary judgment to Defendant Blackmer as to Plaintiff's claim that he was charged with substance abuse in retaliation for engaging in protected conduct. (Dkt. #90). However, as to the allegation that Defendant Blackmer charged Plaintiff with bribery in retaliation for engaging in protected conduct, the Court permitted Plaintiff's claim to go forward, as there exist genuine issues of material fact precluding summary judgment. *Id.* Plaintiff now moves for summary judgment as to his remaining claim against Defendant Blackmer.

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party has met its burden of production, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue

for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the nonmoving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

In support of his motion, Plaintiff has submitted three items of evidence. The first item of evidence submitted by Plaintiff is a copy of a Staff Questionnaire for Pending Major Misconduct Investigation. (Dkt. #92, Exhibit 1). In this questionnaire, Defendant Blackmer asserts that Plaintiff stated that he would not sue Blackmer if he would simply "get rid" of certain pills that Plaintiff

apparently possessed without authorization. This item of evidence supports Defendant Blackmer's position that he charged Plaintiff with bribery for valid, non-retaliatory reasons. Thus, this item of evidence does not advance Plaintiff's cause.

The second item of evidence submitted by Plaintiff is a copy of a prison grievance that Plaintiff asserted against Defendant Blackmer. (Dkt. #92, Exhibit 2). The subject matter of this grievance has nothing to do with Plaintiff's claim that Defendant Blackmer charged him with bribery in retaliation for engaging in protected conduct and, therefore, fails to advance Plaintiff's cause.

The final item of evidence submitted by Plaintiff is a copy of the Major Misconduct Hearing Report regarding the charge (presumably asserted by Defendant Blackmer) that Plaintiff had attempted to bribe a prison employee. (Dkt. #92, Exhibit 3). The hearing officer found Plaintiff not guilty of the bribery charge, on the ground that while Plaintiff had intended "to cause alarm in the employee," Plaintiff had not offered "to give or withhold anything." While this item of evidence may be relevant as to whether Plaintiff actually committed bribery, it is hardly definitive on the question raised by Plaintiff's claim, namely whether Defendant Blackmer charged him with bribery as retaliation for engaging in constitutionally protected conduct. To put it differently, the fact that Plaintiff was found not guilty of bribery does not demonstrate the absence of a genuine factual dispute as to why Defendant Blackmer charged Plaintiff with bribery.

**CONCLUSION**

In sum, for the reasons articulated herein, the Court recommends that <u>Plaintiff's Motion for Summary Judgment as to Defendant Blackmer Only</u>, (dkt. #91), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  July 14, 2008            /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge